BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

NOV 15 1971

IN RE VALUE LINE SPECIAL       )
SITUATIONS FUND LITIGATION )           DOCKET NO. 75

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation is composed of three stockholder and derivative actions growing out of an earlier action brought by the SEC against the agents and investment advisers of Value Line Special Situations Fund, Inc. (VLSSF). In its complaint the SEC alleged that defendants Arnold Bernhard & Co., Value Line Appraisals, Inc., Value Line Securities, Inc. and related defendants had damaged VLSSF by their activities in finding mergers, acquisitions and financing for, and in accepting fees from issuers whose unregistered securities were purchased for VLSSF. A final consent judgment of permanent injunction was entered against all but one of the defendants in May of 1971. After the filing of the SEC action, plaintiffs Schulsselberg and Mendelsohn filed their actions in the Southern District of New York and the Eastern District of Pennsylvania respectively. The third action, brought by plaintiff Dacey in 1969 in the Southern District of New York, originally involved only allegations of the improper valuation of restricted stock held by VLSSF. After the filing of the SEC complaint the Dacey complaint was amended to

---

\* Although Judge Murrah was not present at the hearing he has, with the consent of all parties, participated in this decision.

include the allegations common to the other complaints concerning the activities of the managers and agents of the fund.

The common defendants in these three cases have moved the Panel for transfer of the Mendelsohn action from the Eastern District of Pennsylvania to the Southern District of New York for coordinated or consolidated pretrial proceedings with Schlusselberg and Dacey. Plaintiffs in the New York actions are agreeable to transfer of the Mendelsohn case to their own district but plaintiff Mendelsohn objects. Our review of the pleadings and the hearing on this question has convinced us that the case should be transferred to the Southern District of New York.

All of the plaintiffs clearly place great reliance on the prior SEC proceeding and there are certainly extensive common factual issues in these cases. It also seems clear that discovery on these common issues will be centered in the Southern District of New York, where the corporate and individual defendants, their documents and many of the prospective non-party witnesses are located.

An additional reason for transfer is presented by the conflicting claims of class representation asserted in the Dacey and Mendelsohn complaints. In the Dacey complaint, which contains the non-common count concerning the improper valuation of securities, the plaintiff seeks to represent all VLSSF shareholders. In one count of his complaint, Mendelsohn seeks to represent a class composed of all purchasers of shares of VLSSF and other funds managed by defendants. Unless these conflicting overlapping

claims of class representation are presented to one judge, inconsistent determinations might result.

Plaintiff Mendelsohn seeks to minimize this compelling case for transfer of his action by pointing to an earlier denial of defendants' motion for transfer of his case under 28 U.S.C. §1404(a). That motion was denied without prejudice on the condition that Mendelsohn coordinate his discovery efforts with those of plaintiff Schlüsselberg in New York.[1]/ Correspondence between counsel filed with the Panel, however, indicates that attempts at informal coordination has been singularly unsuccessful. This fact serves to support our conclusion that transfer is necessary. The plaintiffs have apparently made no attempt to keep each other informed of their discovery efforts and defendants have refused to cooperate in providing this information. Morever, even if coordination of discovery were possible here, inconsistent pretrial class action rulings still might result.

Mendelsohn also opposes transfer on the grounds that these three cases are not sufficiently complex to merit the Panel's attention. We think the already-described commonality of fact issues, conflicting class representation claims and apparent inability of counsel to coordinate proceedings demonstrate sufficient complexity to make these actions appropriate for treatment under Section 1407. These actions may not be so complex in their factual backgrounds as the IBM Litigation, but we think that because of the enumerated factors transfer will produce "a substantial saving of

---

1/ Plaintiff Dacey had, at that time, not yet amended his complaint to include the common allegations.

- 4 -

time and effort for court and counsel" with "minimal inconvenience to the parties." In re CBS Licensing Antitrust Litigation, 328 F. Supp. 511 (J.P.M.L. Jan. 20, 1971); In re Willingham Patent Litigation, 322 F. Supp. 1018 (J.P.M.L. 1971).

IT IS THEREFORE ORDERED that the defendants' motion to transfer be and the same hereby is GRANTED and that the action listed on the attached Schudule A pending in the Eastern District of Pennsylvania be and the same hereby is transferred to the Southern District of New York and assigned to the Honorable Charles H. Tenney for coordinated or consolidated pretrial proceedings with the other actions on Schedule A pursuant to 28 U.S.C. §1407.

DOCKET NO. 75                                              SCHEDULE A

### EASTERN DISTRICT OF PENNSYLVANIA

Jack R. Mendelsohn, etc. v. Arnold Bernhard          Civil Action
   & Co., et al.                                       No. 70-2885

### SOUTHERN DISTRICT OF NEW YORK

Claire Schlusselberg v. Arnold Bernhard              Civil Action
   & Co., et al.                                       No. 70 Civ. 2823

Norman F. Dacey, et al. v. The Value Line            Civil Action
   Special Situation Fund, Inc., et al.                No. 69 Civ. 699